IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALAN D. JONES,                                      6:11-cv-06361-MA

        Plaintiff,                           OPINION AND ORDER

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

KATHRYN TASSINARI
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

DAPHNE BANAY
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-2113

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, Alan D. Jones, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) and Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. 42 U.S.C. §§ 401-434, 1381-1383f. This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, I affirm the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

On November 12 and 25, 2008, plaintiff protectively filed applications for DIB and SSI, respectively, alleging disability due to "slight mental retardation," asthma, depression, and anxiety. Tr. 126. The Commissioner denied plaintiff's application initially and upon rehearing. A video hearing before an Administrative Law Judge (ALJ) was held on February 23, 2010, with the plaintiff appearing in Medford, Oregon, and the ALJ presiding from Eugene, Oregon. At the hearing, plaintiff testified and was represented by counsel. Additionally, Vocational Expert (VE) Lynn Jones was present throughout the hearing and testified.

On March 4, 2010, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. After the Appeals

Council denied review, plaintiff timely filed a petition for review in this court.

## FACTUAL BACKGROUND

Born on December 1, 1968, plaintiff was 35 years old on the alleged date of disability and 41 years old on the date of the hearing. Tr. 30, 121. Plaintiff has a modified high school diploma, and past relevant work experience as an auto detailer, janitor, and laundry aid. Tr. 33, 43.

Plaintiff alleges his various conditions became disabling on January 1, 2004. In addition to plaintiff's testimony, plaintiff's wife, Diana M. Jones, submitted an Adult Third Party Function Report. Plaintiff was evaluated by Robert A. Kruger, Psy.D., who submitted an opinion. Previously, as part of an unrelated criminal proceeding, plaintiff was examined at the request of plaintiff's criminal defense counsel by Norvin R. Cooley, Ph.D. Additionally, Robert Henry, Ph.D., reviewed plaintiff's records and submitted a Psychiatric Review Technique and Mental Residual Functional Capacity (MRFC) Assessment. Finally, Steven C. Mounce, Ph.D., plaintiff's group counselor, submitted an opinion letter at the request of plaintiff's counsel.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§

3 - OPINION AND ORDER

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that plaintiff has not engaged in substantial gainful activity since the alleged onset date, January 1, 2004. See 20 C.F.R. §§ 404.1520(a)(4)(1), (b), 416.920(a)(4)(i), (b); Tr. 16.

At Step Two, the ALJ determined that plaintiff's borderline intellectual functioning was a severe impairment. See 20 C.F.R. §§ 404.1520 (c), 416.920 (c); Tr. 16. In addition, the ALJ found that plaintiff's asthma was a non-severe impairment that had no effect on plaintiff's ability to perform work-related activities. Tr. 16-17.

At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled any listed impairment. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; Tr. 17.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels subject to the limitation that he is limited to performing

one to three step tasks, equivalent to unskilled work, which do not require reading and/or writing as an essential component of the tasks. Tr. 18-22.

At Step Four, the ALJ determined that plaintiff was capable of performing past relevant work as a janitor, auto detailer, and hospital laundry aid. See 20 C.F.R. §§ 404.1565, 416.965; Tr. 22.

Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff asserts the ALJ erred in four ways. First, plaintiff claims that the ALJ improperly discredited plaintiff's testimony. Second, plaintiff argues that the ALJ improperly rejected the lay witness testimony. Third, plaintiff contends that the ALJ erred in failing to include all of his limitations in the RFC. Fourth, plaintiff maintains that the ALJ improperly discredited the opinion of his group therapist. Finally, plaintiff argues that these errors resulted in a faulty Step Four finding that plaintiff could perform his past relevant work.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less

5 - OPINION AND ORDER

than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I. Rejection of Plaintiff's Testimony

In deciding whether to accept subjective symptom testimony, an ALJ must perform two stages of analysis. 20 C.F.R. §§ 404.1529, 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Second, absent a finding of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. Id. at 1281.

If an ALJ finds that the claimant's testimony regarding his subjective symptoms is unreliable, the "ALJ must make a credibility

determination citing the reasons why the testimony is unpersuasive." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). In doing so, the ALJ must identify what testimony is credible and what testimony undermines the claimant's complaints, and make "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). The Commissioner's findings will be upheld if supported by reasonable inferences drawn from the record. Baston v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

In his Function Report, plaintiff states that during a normal day he goes to his in-law's property to cut wood, comes home, eats, watches television, and goes to bed. Tr. 141. Plaintiff states that since his disability began he is "not able to do [his] janitorial work at schools." Tr. 142. Plaintiff reports no difficulties preparing meals or getting around. Tr. 143. According to plaintiff, he goes shopping once per week - although not alone - and needs help filling out checks and money orders. Tr. 144. Plaintiff reports that his hobbies are unchanged since the onset of his disability, although he is limited in his social activities because he is "not allowed around minor children." Tr. 145-46. Plaintiff states that he does not read or write well, has a second or third grade comprehension level, and does not handle stress or change well. Tr. 146-47. Finally, plaintiff reports

7 - OPINION AND ORDER

having a fear of "going to prison for what I have been accused of." Tr. 147.

At the hearing, plaintiff testified that he left his previous janitorial job because his hours were getting cut. Tr. 36. Plaintiff thought this was because he was slower than the other janitors, but he never discussed this with his employer and did not have any documentation of his former employer's dissatisfaction with plaintiff's performance. Id. When asked what will keep him from returning to his janitorial work, plaintiff initially replied "Well, my criminal background." Id. After reminding plaintiff that his criminal background was not a valid basis for disability, the ALJ asked plaintiff if there was anything else that kept him from working. Tr. 36-73. Plaintiff replied "Just being slow." Tr. 37. Plaintiff further testified that his difficulties reading and writing caused problems understanding and following written instructions at work, but that he would complete his tasks by either knowing what to do from experience or asking a coworker for verbal instructions. Tr. 39. When asked about his daily activities, plaintiff reported that he spends his days talking and playing Texas Hold'em with his wife. Tr. 41.

The ALJ rejected plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to the extent they were inconsistent with the RFC. Tr. 19. Plaintiff maintains that the ALJ's rejection of his testimony to the extent

8 - OPINION AND ORDER

inconsistent with the RFC assessment improperly reversed the required order of analysis by deciding the RFC first, then assessing plaintiff's credibility. See Bjornson v. Astrue, 671 F.3d 640 (7th Cir. 2012). I disagree.

I am persuaded by the reasoning of several decisions within this District. When addressing this precise argument, it has been observed that while "an ALJ may not simply define an RFC and then, without more, conclude the claimant's testimony is only credible to the extent it aligns with the RFC, . . . there is nothing wrong with an ALJ stating a conclusion and then explaining it, as opposed to providing an explanation and then reaching a conclusion.'" Bostic v. Astrue, No. 3:10-cv-1153-HU, 2012 WL 786909, at *1 (D. Or. Mar. 9, 2012) (quoting Black v. Astrue, No. 3:10-cv-06409-MO, 2011 WL 6130534, at *6 (D. Or. Dec. 7, 2011)); Cruise v. Astrue, No. 6:11-cv-06199-ST, 2012 WL 5037257, at *3 (D. Or. Sep. 28, 2012); but see Bowers v. Astrue, No. 6:11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. Jun. 25, 2012) (concluding that this language does erroneously reverse the analysis, but finding such error harmless because the ALJ cited other clear and convincing reasons for rejecting the claimant's testimony). "In other words, the ALJ does not err simply by noting that a claimant's testimony is not credible to the extent it is inconsistent with the RFC where that conclusion is followed by sufficient reasoning." Cruise, 2012 WL 5037257, at *3. Thus, the language complained of here is a

9 - OPINION AND ORDER

conclusion which may be affirmed if the ALJ's stated reasons for rejecting the plaintiff's testimony are clear and convincing.

I conclude the ALJ has done so. The ALJ rejected plaintiff's testimony with regard to the intensity, persistence, and limiting effects of his disability because plaintiff made inconsistent statements regarding the cause of his inability to work and the extent and effect of his alleged limitations, objective evidence did not corroborate the alleged extent of plaintiff's pace limitation and its effect on his ability to work, and plaintiff's activities of daily living are inconsistent with the alleged level of disability. Tr. 19-21.

As the ALJ noted, when asked at the hearing what will keep him from working, plaintiff responded "Well, my criminal background." Tr. 36. The ALJ found this statement "forthright" and concluded that it was inconsistent with plaintiff's testimony that his pace limitations are the true cause of his inability to work. Tr. 21.

The ALJ's finding of inconsistency in this respect is supported by the record. For example, on plaintiff's Function Report, when asked what he was able to do before his disability that he no longer could, he replied "I am not able to do my janitorial work at schools," suggesting that the cause of his inability to work was his probation condition which prohibits contact with minors. Tr. 142. Similarly, in response to a question regarding changes in social activities, plaintiff

10 - OPINION AND ORDER

responded that he was "not allowed near minor children." Tr. 145-46.

Additionally, the ALJ's finding of inconsistency is supported by the fact that, other than plaintiff's probation conditions, nothing in the record explains why plaintiff was able to maintain relatively consistent employment before his disability began, but no longer can. Plaintiff does not claim that his borderline intellectual functioning, or any other disabling condition, has worsened over time. In fact, plaintiff's Function Report largely indicates that his functional limitations are much the same now as they were before the alleged onset date of disability. Tr. 142, 145, 146. Thus, the ALJ reasonably found that plaintiff's statement that he cannot work because of his criminal background was inconsistent with testimony that plaintiff's pace and literacy limitations were the true cause of his inability to work. Tr. 21. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (an ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid"; see also Baker v. Astrue, No. 10-cv-1276-LAB, 2011 WL 7092322, at *6 (S.D. Cal. Feb. 22, 2011), adopted, 2012 WL 218365 (S.D. Cal. Jan. 23, 2012) (discrediting claimant whose disability coincided with release from prison, among other reasons).

11 - OPINION AND ORDER

With regard to the effect of plaintiff's pace limitations, the ALJ found that objective evidence did not support plaintiff's testimony that he had negative employment actions taken against him because he worked more slowly than his coworkers. Tr. 21. When asked why he left his prior janitorial job, plaintiff stated that his hours were cut because he was slow. Plaintiff admitted, however, that he had never been disciplined by, or received a negative review or special supervision from, his employer for this reason. Tr. 36. And, there are no documents reflecting that plaintiff's job performance was unsatisfactory. Id. Additionally, as the ALJ noted, plaintiff reported in his initial Disability Report that he could work as long as his "employer does not give [him] instructions to read." Tr. 19, 126. This contradicts plaintiff's testimony that his pace limitations caused his inability to work. The ALJ could reasonably reject plaintiff's testimony that his hours were cut because he worked too slowly because it was unsupported by record evidence and inconsistent with his Disability Report. Tr. 19, 21-22.

Finally, the ALJ noted that plaintiff engages in extensive activities of daily living. Tr. 19. Indeed, plaintiff's Function Report indicated that he is capable of chopping wood at his in-laws' property, and is not significantly limited in his daily activities, except with respect to his literacy limitations and the terms of his probation. Tr. 141-48. The record thus reflects that

12 - OPINION AND ORDER

plaintiff is capable of engaging in relatively normal activities of daily living, including cooking, doing most household work activities, getting around, and performing manual labor. These activities tend to suggest that plaintiff is still capable of performing the basic demands of unskilled work. The ALJ reasonably discredited plaintiff's testimony for this reason. Tr. 19; see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). After a review of the record, I find that these reasons together are clear and convincing reasons for discounting plaintiff's testimony.

## II.  Rejection of Lay Testimony

Lay testimony regarding a claimant's symptoms or how an impairment affects his ability to work is competent evidence that an ALJ must take into account. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012). To discount lay witness testimony, the ALJ must give reasons that are germane to the witness. Id.

Plaintiff's wife, Diana Jones, submitted a Third Party Function Report that described plaintiff's activities of daily living. Tr. 133-40. Ms. Jones's report is largely consistent with plaintiff's report, with the exception that Ms. Jones made no reference to plaintiff's alleged pace limitations. To the contrary, Ms. Jones reported that household chores take plaintiff "not very long." Tr. 135. Ms. Jones reported that plaintiff has "always had problems with reading, writing, [and] spelling, you

have to fully explain thing[s] to him before he understands." Tr. 134. Similarly, Ms. Jones reported that plaintiff "doesn't grasp what he's reading or being told, you have to make as simple as possible for him to understand," and that he follows spoken instructions "well when it's broken down or [he is] shown pictures." Tr. 138.

Plaintiff argues that the ALJ's summary of Ms. Jones's testimony regarding plaintiff's limitations was inaccurate and incomplete and that the ALJ improperly rejected Ms. Jones's testimony. I disagree. The ALJ summarized the report about plaintiff's limitations by stating that "Mrs. Jones reported that her husband has difficulty understanding and following instructions unless they are made as simple as possible and presented verbally." Tr. 19. The ALJ's summary accurately captures the limitations described in Ms. Jones's report, when read as a whole.

To the extent that the ALJ's assessment of Ms. Jones's testimony failed to provide germane reasons for rejecting her testimony about plaintiff's alleged limitations, any such error is harmless. Stout v. Comm'r, Soc. Sec. Admin, 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that an ALJ's error may be harmless if it "was inconsequential to the ultimate nondisability determination.")

Here, even if the limitations described by Ms. Jones are fully credited, the RFC adequate accounts for them. Ms. Jones described plaintiff's limitations with regard to literacy and understanding

14 - OPINION AND ORDER

complex or written instructions, and the ALJ translated them by limiting plaintiff to performing one to three step tasks equivalent to unskilled work that do not require reading or writing as an essential component. Tr. 18. "Unskilled work," as defined by the Commissioner, is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, even if Ms. Jones's testimony were fully credited, the limitations contained in the RFC capture both the literacy and cognitive limitations she described by limiting plaintiff to simple work and verbal instructions. Accordingly, the ALJ's error in failing to discuss the lay witness testimony was inconsequential to the ultimate nondisability determination, and was harmless. See Stout, 454 F.3d at 1055; Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009).

III. **Incorporation of Plaintiff's Limitations in the RFC**

    A.    **Plaintiff's Pace Limitation**

Plaintiff argues that the ALJ failed to incorporate his moderate limitation with regard to concentration, persistence, and pace that the ALJ found at Step Three into the RFC. "An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is

consistent with restrictions identified in the medical testimony." Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).

At Step Three, the ALJ noted:

> With regard to concentration, persistence or pace, Mr. Jones has moderate difficulties. Mr. Jones denied having any attention deficits; however, he indicated that he has difficulty completing tasks. He also alleged being limited in how quickly he can finish tasks. The third-party reports provided support these allegations. Objective evidence of record supports finding that Mr. Jones is capable of brief, basic, routine, repetitive tasks; however, he would be unable to perform adequately on more complicated tasks.

Tr. 18. In the RFC, the ALJ found plaintiff was limited to "performing one to three step tasks, equivalent to unskilled SVP 2 work, which do not require reading and/or writing as an essential component of the tasks." Id.

Two psychologists commented on plaintiff's concentration, persistence, and pace limitation. Robert A. Kruger, Psy.D., a clinical psychologist who examined plaintiff, concluded that plaintiff's "overall ability and capability of sustaining his attention on brief, basic, routine, repetitive tasks were seen as fair, such that he would be able to complete those tasks adequately, within an appropriate period of time." Tr. 230. Similarly, Robert Henry, Ph.D., who reviewed plaintiff's records, checked that plaintiff had a moderate limitation with regard to concentration, persistence, and pace when determining the "'B' Criteria of the Listings" for Step Three purposes, but also checked

16 - OPINION AND ORDER

that plaintiff was not significantly limited in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms *and to perform at a consistent pace* without an unreasonable number and length of rest periods," when completing the worksheet associated with plaintiff's Mental RFC Assessment. Tr. 244, 250 (emphasis added).

Plaintiff's contention that the RFC does not include his concentration, persistence, or pace limitations is meritless. The medical testimony suggests that plaintiff is capable of performing short, simple tasks at a reasonable pace, that the plaintiff could complete a normal workday and workweek, and could work at a consistent pace without an unreasonable number of rest periods. Here, the RFC's limitation of plaintiff to unskilled work accommodates plaintiff's persistence, concentration, and pace limitations because the medical evidence demonstrates that such limitation does not preclude plaintiff from completing simple tasks "within an appropriate period of time." Tr. 230. Thus, the ALJ did not impermissibly omit plaintiff's persistence, concentration, and pace limitation from the RFC. See Stubbs-Danielson, 539 F.3d at 1174; Israel v. Astrue, No. 11-35794, 2012 WL 4845578 (9th Cir. Oct. 12, 2012).

///

///

### B. Plaintiff's Work Adaptability Limitations

Plaintiff also argues that the ALJ failed to include two work adaptability limitations described by Dr. Henry into the RFC. I disagree.

In Section I of the MRFC, Dr. Henry checked that plaintiff is moderately limited with regard to his abilities to respond appropriately to changes in the work setting and set realistic goals or make plans independently of others. In Section III, however, Dr. Henry concluded that "[Claimant] is able to adapt and respond appropriately to changes in the work setting, workplace hazards, set goals and travel independently." Tr. 250-51. Here, the ALJ's RFC was consistent with the narrative discussion of Dr. Henry's MRFC. Because Dr. Henry's MRFC did not describe any workplace restrictions, I conclude the ALJ did not impermissibly exclude plaintiff's alleged work adaptability limitations in the RFC. See Israel, 2012 WL 4845578, at *2-*3 (citing Stubbs-Danielson, 539 F.3d at 1174).

### IV. Rejection of Dr. Mounce's Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of Steven C. Mounce, Ph.D., who conducted group therapy sessions that plaintiff was required to attend as a condition of probation. At the request of plaintiff's counsel, Dr. Mounce wrote a letter describing his experience with plaintiff in a group setting. Tr.

260. After summarizing some of the findings of Dr. Cooley, the psychologist who examined plaintiff in relation to his criminal charges, Dr. Mounce stated, in whole, that:

> I see [plaintiff] in a group setting. [Plaintiff's] performance is consistent with the claims of Dr. Cooley. [Plaintiff] needs special attention from me in completing his written assignments. I also need to take special time with him in efforts to make sure he understands the vocabulary I use and the skills that are taught. Needless to say, I repeat myself often to make sure [plaintiff] understands information received in group.

Tr. 260. The ALJ partially rejected Dr. Mounce's opinion, finding that "Dr. Mounce's letter relied upon the findings of another physician and did not add any material information to the record; however, I give his comments regarding Mr. Jones's difficulties with written assignments great weight." Tr. 21.

To the extent the ALJ erred in partially rejecting Dr. Mounce's opinion, any such error is harmless because the RFC adequately accommodates the limitations described by Dr. Mounce. The crux of Dr. Mounce's opinion is that he has to break down his instructions such that plaintiff can understand them. As discussed above, the RFC limits plaintiff to one to three step tasks that constitute unskilled work. Tr. 18. This necessarily accommodates plaintiff's limitations with regard to complex instructions, as plaintiff can only perform simple tasks. Thus, even if Dr. Mounce's opinion is fully credited, the RFC accommodates the limitations described therein.

## V. Ability to Perform Past Relevant Work

Plaintiff argues that the ALJ improperly found that he has the capacity to perform past relevant work at Step Four because the RFC did not incorporate plaintiff's alleged persistence, concentration, and pace limitation. Because I have found that the ALJ appropriately accounted for these limitations in the RFC, the ALJ's finding at Step Four was not in error.

### CONCLUSION

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this __11__ day of December, 2012.

_____
Malcolm F. Marsh
United States District Judge